Filed 3/28/16  P. v. Prasad CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064377 |
| v. | (Super.Ct.No. RIF134386) |
| DHARMENDRA PRASAD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Dharmendra Prasad appeals from an order denying his petition to reduce his conviction to a misdemeanor, pursuant to Penal Code section 1170.18.[1]  We find no error and will affirm the order.

PROCEDURAL BACKGROUND

On April 30, 2007, defendant was charged by amended information with two counts of making criminal threats (§ 422, counts 1 & 2), and two counts of assault with a deadly weapon (§ 245, subd. (a)(1), counts 3 & 4).  As to counts 1 and 2, the information alleged that defendant personally used a deadly weapon.  (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23).)  The information also alleged that he had served one prior prison term. (§ 667.5, subd. (b).)  On August 16, 2007, a jury found defendant guilty of count 1, but found the firearm enhancement not true.  The jury acquitted defendant on counts 2 and 4. On count 3, the jury found him guilty of the lesser included offense of misdemeanor battery.  (§ 242.)  At a bifurcated hearing, a trial court found the prior prison term allegation not true.

At the sentencing hearing on September 21, 2007, the court denied defendant's oral motions for new trial and to reduce his charges.  The court sentenced him to the midterm of two years on count 1 and a concurrent term of 180 days on count 3, with credit for time served.  The court noted that the credit for time served clearly exceeded the time of defendant's commitment.

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which became effective November 5, 2014. (§1170.18.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id*. at p. 1092.)

On January 13, 2015, defendant filed, in propria persona, a petition for resentencing under section 1170.18. He asserted that he was convicted on September 21, 2007 of a violation of section 422 (making criminal threats), which "has now been made a misdemeanor pursuant to Proposition 47." He further stated that he was currently serving a sentence at the California Medical Facility for petty theft (§ 666), and that he had also been convicted of two other felonies: "Penal Code § VC10801 [*sic*], Date 9-29-95, Case No: 95WF1183" and "Penal Code § VC10851(A), Date 12-29-97, Case No. 98WF0001."

On July 16, 2015, the court denied the Proposition 47 petition, on the ground that making criminal threats (§ 422) was not a qualifying felony.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether defendant's conviction of criminal threats (Pen. Code, § 422) qualifies for resentencing under Penal Code section 1170.18, subdivision (a), or reclassification under Penal Code section 1170.18, subdivision (f); (2) whether the court considering defendant's Proposition 47 petition was required and authorized to sua sponte consider whether to reduce his other conviction under Penal Code section 666 to a misdemeanor; (3) while this appeal is pending, whether this court has jurisdiction and authority to designate a qualifying current conviction for violating Penal Code section 666 as a misdemeanor; (4) while this appeal is pending, whether this court has jurisdiction and authority to designate prior convictions for violating Vehicle Code section 10851 as misdemeanors; and (5) if this court lacks jurisdiction and authority to consider whether the convictions under Penal Code section 666 and Vehicle Code section 10851 should be resentenced and/or reclassified as misdemeanors, should the current matter on the conviction for making criminal threats (Pen. Code, § 422) be remanded with directions to allow defendant to pursue a properly filed petition. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST<u>                </u>
Acting P. J.

We concur:

McKINSTER<u>            </u>
J.

MILLER<u>               </u>
J.